# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STARR KIOGIMA,

    Petitioner,                             Case No. 2:18-cv-12027

v.                                            HON. PAUL D. BORMAN

SHAWN BREWER,

    Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL *IN FORMA PAUPERIS*

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Starr Kiogima was convicted after a jury trial held in the Eaton County Circuit Court of second-degree murder, Mich. Comp. Law § 750.317, and operating a motor vehicle under the influence (OUIL) causing death, Mich. Comp. Law § 257.625(4). Petitioner was sentenced to 25-50 years' incarceration for the second-degree murder conviction and 10-15 years for the OUIL.

The petition raises a single claim, that insufficient evidence was presented at trial to demonstrate the second-degree murder element of "malice." As explained further below, the Court will deny the petition because the claim does not satisfy the strict standards for habeas corpus relief.

## I. BACKGROUND

The Michigan Court of Appeals summarized the facts of Petitioner's case as follows:

> This case arises from a fatal crash that occurred on I–96 on the afternoon of September 11, 2013. As defendant attempted to enter the highway, she drove her vehicle across some grass and crashed into a vehicle driven by Raymond Anderson. Anderson's vehicle was pushed across the lanes of traffic into a guardrail. Defendant's vehicle rolled over several times and defendant's four-year old daughter was ejected from the car. Attempts by passersby to resuscitate the child proved unsuccessful. Defendant was intoxicated at the time of the accident, and tests also showed the presence of controlled substances in her blood

*People v. Kiogima*, No. 326159, 2016 WL 4007873, at *1 (Mich. Ct. App. July 26, 2016).

On direct appeal, Petitioner alleged error on bindover from the district court, ineffective assistance of counsel, and insufficient evidence to establish the element of the second-degree murder element of "malice." A divided Michigan Court of Appeals affirmed Petitioner's conviction. *Id*. The Michigan Supreme Court denied leave to appeal in a standard form order. *People v. Kiogima*, 500 Mich. 997 (2017).

In her timely filed petition brought *pro se*, Petitioner raises only the single issue of insufficiency of evidence of malice.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

Further, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Id.* at 473–74 (citing 28 U.S.C. § 2254(e)(1)).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

**III. DISCUSSION**

    **A. Sufficiency of the evidence**

Petitioner alleges that the state courts erred in finding sufficient evidence of malice to support her conviction on second-degree murder. Michigan case law holds that not all cases in which death results from drunk driving support a second-degree murder conviction. *People v. Goecke*, 457 Mich. 442, 469 (1998). *Goecke* stated that establishing malice to a probable cause or guilt standard requires "a level of misconduct that goes beyond that of drunk driving." *Id*. at 469. The dissent in Petitioner's case would have vacated her second-degree murder conviction, because it found "insufficient evidence of malice as defined" by *Goecke*. *Kiogima*, 2016 WL 4007873, at *5 (Shapiro, J., dissenting). The dissent opined that the malice standard in *Goecke* is "too imprecise" to guide juries adequately and invited the state supreme court to "further clarify the legal standards to be applied in determining when a defendant may be charged with and convicted of second-degree murder arising out of a drunk-driving fatality." *Id*.

In affirming Petitioner's conviction, the majority also relied on *Goecke*, acknowledging that "drunk driving alone is not sufficient to establish malice . . . [M]alice requires 'egregious circumstances[.]'" *Kiogima*, 2016 WL 4007873, at *2 (citing *Goecke*, 457 Mich. at 467, 469). The court found that standard met in

5

Petitioner's case, citing evidence of the presence of controlled substances Oxycodone and Lorazepam in her blood as well as elevated alcohol levels, and concluding Petitioner "was in no condition to drive and yet she chose to" do so. *Id*. at *2. The court also cited evidence that Petitioner "operate[d] her vehicle on a highway at a high rate of speed, . . . fail[ed] to properly restrain her child, and . . . disregard[ed] basic rules of the road." *Id*. It found malice established, because "[t]aken as a whole, this level of misconduct goes beyond that of mere drunk driving, and a rational jury could conclude that defendant acted in willful and wanton disregard of the likelihood that her actions would result in death." *Id*.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted) (emphasis in the original).

As in other constitutional claims such as ineffective assistance of counsel, *see*, *e.g.*, *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*,

571 U.S. 12, 15 (2013)), insufficient evidence claims raised on habeas "are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012). First, "'[a] reviewing court [on direct appeal] may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.'" *Id*. (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam)). Second, on habeas review, a federal court may only "overturn a state court decision rejecting a sufficiency of the evidence challenge . . . if the state court decision was 'objectively unreasonable.'" *Id*. (citing *Cavazos*, 565 U.S. at 2).

"Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Cavazos*, 565 U.S. at 2. For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 566 U.S. at 656. A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

The Michigan Court of Appeals did not unreasonably apply *Jackson v. Virginia* in rejecting petitioner's sufficiency of evidence claim, because its factual

7

findings were neither "objectively unreasonable" nor "insupportable." *Coleman*, 566 U.S. at 651, 656. Petitioner's claim is without merit.

### B. Certificate of Appealability

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002) (citing *Slack,* 529 U.S. at 484). The Court will also deny petitioner leave to

appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED**.

Dated: November 6, 2019          s/Paul D. Borman
                                                               Paul D. Borman
                                                               United States District Judge